IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br><br><br><br> vs. <br><br><br> SOUTH SHORE SPORTS BAR & GRILL, INC. and CREIGHTON G. CHUN <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT <br><br><br><br><br> Case No. 2:10-CV-394 TS |

I.  INTRODUCTION

This matter is before the Court on Plaintiff J&J Sports Productions, Inc.'s Application for Default Judgment by the Court[1] and Plaintiff's Application for Award of Attorney's Fees and Costs.[2]  Plaintiff served Defendants with summons and the Complaint in this matter, however Defendants failed to file an answer or otherwise appear.  The Clerk of Court entered a default

---

[1] Docket No. 13.

[2] Docket No. 14.

1

certificate against Defendants on November 2, 2010.[3]  Plaintiff thereafter filed the instant Motion

on February 27, 2012.  Defendants have not responded.

## II.  DISCUSSION

Plaintiff brings three claims in this case: (1) violation of 47 U.S.C. § 605 (unauthorized

use of radio/satellite communications); (2) violation of 47 U.S.C. § 553 (unauthorized use of

cable communications); and (3) conversion.  Plaintiff has also moved the Court to grant it

attorneys' fees and costs.  Plaintiff alleges that Defendants South Shore Sports Bar & Grill, Inc.

and Creighton G. Chun illegally intercepted a satellite communication for a closed-circuit boxing

match (the "program") and showed the program to their patrons after collecting a cover charge.

Plaintiff requests statutory damages, including enhanced damages for willful violations.

"Because the Clerk has entered default, [P]laintiff's well-pleaded factual allegations are deemed

admitted."[4]

After reviewing the well pleaded claims in Plaintiff's Complaint the Court is satisfied that

they establish the elements for liability under both 47 U.S.C. § 605 and 47 U.S.C. § 553.

However, "[w]hile Plaintiff has set forth the elements of liability for both statutes, recovery under

both section 553 and section 605 is improper."[5]  "Generally, courts have determined that § 605

applies to piracy of satellite signal, and § 553 applies to interception of cable programming

---

[3]Docket No. 11.

[4]*Joe Hand Promotions, Inc. v. Tribelhorne*, 2011 WL 2848288, at *1 (D. Kan. July 15, 2011) (citing *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003)).

[5]*Kingvision Pay-Per-View, Ltd. v. Gutierriez*, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008) (citing *Garden City Boxing Club, Inc. v. Puebla's Grocery*, 2007 WL 4243219, *3 (E.D. N.Y. Nov. 29, 2007)).

transmitted by cable network."[6]  In its Application for Default, Plaintiff appears to have elected

to pursue damages under § 605 which provides for higher penalties than § 553.  Defendants have

failed to provide any reason why such a recovery would be improper.

A.    SECTION 605

Section 605(a) provides in relevant part:

> [N]o person not being authorized by the sender shall intercept any radio
> communication and divulge or publish the existence, contents, substance, purport,
> effect, or meaning of such intercepted communication to any person.  No person
> not being entitled thereto shall receive or assist in receiving any interstate or
> foreign communication by radio and use such communication (or any information
> therein contained) for his own benefit or for the benefit of another not entitled
> thereto.

In this case, Plaintiff has alleged, through well pleaded facts, that Defendants: (1)

broadcast the program in Defendants' establishment on May 5, 2007; (2) were not authorized to

broadcast the program; and (3) the broadcast could only have been accomplished through illegal

means.[7]  On these facts, Plaintiff has met the statutory requirements for liability under § 605.

Under § 605, Plaintiff, at its election, may seek to recover either actual or statutory

damages.[8]  Here, Plaintiff seeks statutory damages.

Pursuant to § 605(e)(3)(C)(i)(II) "the party aggrieved may recover an award of statutory

damages for each violation of subsection (a) of this section involved in the action in a sum of not

---

[6]*Joe Hand Promotions*, 2011 WL 2848288, at *1 (citing *Charter Commc'ns Entm't I, DST v. Burdulis*, 460 F.3d 168, 173 (1st Cir. 2006)).

[7]*See* Docket No. 17.

[8]*See* 47 U.S.C. § 605(e)(3)(C)(i).

less than $1,000 or more than $10,000, as the court considers just."  Section 605 further

provides:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.[9]

Here, Plaintiff seeks $4,400 in statutory damages and $6,600 in enhanced statutory

damages for Defendants alleged violation of § 605.[10]

### 1.    STATUTORY DAMAGES

Other courts have developed three approaches in determining a "just" statutory award

under § 605.  Such courts have "either (1) calculated a flat sum; (2) awarded the license fee that

the defendant(s) would have paid for the purchase of the event, based o[n] the maximum capacity

of the establishment; or (3) multiplied the number of patrons in the establishment by a number

set by the court."[11]

Here, Plaintiff requests that the Court grant a modified version of the second form of

relief.  Specifically, Plaintiff alleges that the applicable licensing fee would have been $2,200 and

---

[9]*Id.* at § 605(e)(3)(C)(ii).

[10]The Court views Defendants' alleged conduct as a single violation because "most cases applying this statute in a commercial context have interpreted the showing of an event on a single night as one violation."  *Garden City Boxing Club, Inc. v. Perez*, 2006 WL 2265039, at *5 (E.D. N.Y. Aug. 8, 2006) (citing *Time Warner Cable v. Taco Rapido Rest.*, 988 F. Supp. 107, 111 (E.D. N.Y. 1997)).

[11]*Joe Hand Promotions*, 2011 WL 2848288, at *2 (citing *Zuffa, LLC v. Al–Shaikh*, 2011 WL 1539878, at *7 (S.D. Ala. Apr. 21, 2011)).

requests that the Court grant it twice its normal licensing fee for a total of $4,400.[12]  Plaintiff has

not provided information regarding the maximum capacity of the establishment.  Nor has it

provided any justification for doubling the licensing fee charged.

  While the Court notes that an award of $4,400 in statutory damages is not above the

statutory maximum allowed for this violation, it is not persuaded that such an award is merited in

this case.  According to information provided by Plaintiff, 27 patrons were in attendance and

$2,200 was the rate charged to a commercial venue with seating for between 0-100 patrons.

Defendants appear to fall in this range.  Many courts that have applied the third approach

outlined above—multiplying the number of patrons by a multiplier set by the court—have used

$50 as the multiplier.[13]  In this case, using $50 as the multiplier would result in a recovery of only

$1,350, an amount substantially lower than the $2,200 minimum licensing rate provided by

Plaintiff.  Though below the statutory maximum, the Court is not persuaded that a statutory

award of $4,400, or $162.96 per patron is merited in this case.

  In sum, the Court will grant the license fee that Defendants would have paid for purchase

of the event, based on the assumption that the maximum capacity of the venue would not have

---

  [12]Plaintiff alleges that 27 patrons were in attendance to view Defendants' unauthorized showing of the program.  According to the Closed Circuit Rate Card provided by Plaintiff, the licensing fee for such a showing would have been $2,200.  *See* Docket No. 17, at 10.

  [13]*See Joe Hand Promotions*, 2011 WL 2848288, at *2 (Reasoning that "[t]he amount of $50 appears to roughly approximate the amount that patrons would have paid for the event if they had purchased it individually at their homes") (citing *J&J Sports Prod., Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 502 (S.D. N.Y. 2008); *Garden City Boxing Club, Inc. v. Bello*, 2005 WL 2496062, at *3 (E.D. N.Y. Sept. 20, 2005)).

exceeded 100.  Therefore, the Court will grant Plaintiff statutory damages in the amount of $2,200.

2.     ENHANCED STATUTORY DAMAGES

"To receive enhanced damages, Plaintiff must prove that Defendants' broadcast of the [p]rogram was willful and for 'purposes of direct or indirect commercial advantage or private financial gain.'"[14]  Other courts that have considered the issue of whether to allow enhanced statutory damages have considered, among others, the following factors: "(1) repeated violations over an extended period of time; (2) substantial unlawful monetary gains; (3) advertising of the broadcast; (4) charging of a cover charge or premiums for food and drinks; or (5) plaintiff's significant actual damages."[15]

The undisputed allegations in this case indicate that Defendants' broadcast could only have been accomplished through illegal means, the illegality of which would have been apparent to the Defendants.  Furthermore, Plaintiff has alleged that Defendants advertised through a poster placed on the exterior of their establishment to encourage patron's to enter and view the program. Defendants also charged a cover charge of $4 per patron to view the program.  Based on these allegations, the Court finds that Defendants' broadcast of the program was "willful" and for purposes of direct private financial gain.

---

[14]*Kingvision*, 544 F. Supp. 2d at 1185 (quoting 47 U.S.C. § 605(e)(3)(C)(ii)).

[15]*Joe Hand Promotions*, 2011 WL 2848288, at *2 (citing *Al–Shaikh*, 2011 WL 1539878, at *8).

After considering the factors provided above, the Court finds that enhanced statutory damages are warranted in this case. The Court recognizes that there has been no evidence presented in this case of repeated violations nor does it appear that Defendants received substantial unlawful monetary gains.[16] However, all of the remaining factors support a grant of enhanced damages. For this reason, the Court finds that an award of enhanced damages is appropriate in this case.

"Courts have varied in their approach in calculating enhanced statutory damages."[17] "Under any calculation, however, the court strives to balance the goal of deterrence with a desire not to put a small restaurant out of business."[18] Here, Defendants have failed to appear and, therefore, have not provided any evidence to the Court indicating that an enhanced award may put them out of business. Therefore, the Court finds that Plaintiff's requested enhanced damages of $6,600—three times the statutory damages award[19]—is a "just" enhanced statutory award under § 605.

---

[16]The evidence presented indicates that Defendants generated $108 in revenue by charging the $4 cover. This amount would be supplemented by whatever increased sales of food and drink were experienced, if any, from the broadcast of the program.

[17]*Joe Hand Promotions*, 2011 WL 2848288, at *2.

[18]*Id.* (citing *Garden City Boxing Club, Inc. v. Polanco*, 2006 WL 305458, at *5 (S.D. N.Y. Feb 7, 2006)).

[19]In granting enhanced damages, other courts have multiplied the statutory damage award by three. *See id.*; *see also Kingvision Pay-Per-View Corp., LTD. v. Wright*, 2006 WL 4756450, at *3 (M.D. Fla. Oct. 27, 2006).

B.      ATTORNEYS' FEES

Plaintiff has moved the Court to grant it reasonable attorneys' fees resulting from the filing and prosecution of this action.  As the prevailing party under § 605, Plaintiff is entitled to its reasonable attorneys' fees and costs.[20]  Plaintiff has provided the Court with records showing it is entitled to attorneys' fees in the amount of $1,417.50 and costs of $414.  The Court has reviewed the records provided and finds that the number of hours expended, the hourly rate, and the total costs are reasonable and appropriate.

C.      CONVERSION

Plaintiff's Complaint contains a cause of action for conversion.  In its Application for Default Judgment Plaintiff appears to have abandoned this claim in favor of its claim under § 605.  The Court will therefore not address conversion here.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Application for Default Judgment by the Court (Docket No. 13) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that Plaintiff's Application for Award of Attorney's Fees and Costs (Docket No. 14) is GRANTED.  The Clerk of Court is directed to enter judgment for Plaintiff and against Defendants jointly and severally as follows: (1) $2,200 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); (2) $6,600 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and (3) $1,417.50 in

---

[20]*See* 47 U.S.C. § 605(e)(3)(B)(iii).

attorneys' fees and $414 in costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).  The Clerk of Court is instructed to close this case forthwith.

     DATED   March 23, 2012.

                    BY THE COURT:

                    _____

                    TED STEWART
                    United States District Judge